886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne DAVIDSON, Plaintiff-Appellant,
v.
Frank HARVEY, Defendant-Appellee.
 No. 89-5131.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wayne Davidson sued defendant Harvey, his former attorney who represented him in 1979 on a charge of concealing stolen property. In 1985, Harvey, then an assistant attorney general, prosecuted Davidson on a burglary and a habitual offender charge. In 1988, Davidson filed a motion for post-conviction relief attacking the validity of the 1985 habitual offender conviction. A hearing was held on the motion where Harvey testified to what prior convictions he used to prosecute the 1985 habitual offender charge. Thereafter, seeking monetary, declaratory and injunctive relief, Davidson filed this suit alleging that by testifying at the 1988 hearing, Harvey breached the attorney-client privilege by disclosing confidential information he acquired during his representation of plaintiff in 1979. The district court initially dismissed Davidson's claim for money damages on the basis of prosecutorial immunity. The court also found that any claim regarding the 1985 proceeding was time-barred. The court also instructed Davidson to amend his complaint to set forth specifically his claim for injunctive and declaratory relief. Thereafter, the district court granted Harvey's motion and dismissed the complaint finding that Harvey's testimony at the 1988 proceeding was that of a private witness, and therefore he had not acted under color of state law for Sec. 1983 purposes.
 
 
 3
 Upon review, we affirm the district court's judgment. Defendant Harvey testified as a private witness at the 1988 proceeding attesting to what prior convictions he used in prosecuting the 1985 habitual offender charge. Davidson failed to state a cause of action under Sec. 1983 because when a private person gives testimony in open court, the act of testifying is not performed under color of state law. See Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir.1980) (per curiam). Furthermore, because Harvey was a witness, he is entitled to witness immunity. See Briscoe, 460 U.S. at 335. Finally, we note that Harvey could not have disclosed confidential information because Davidson concedes that Harvey only testified about his prior convictions which were matters of public record.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.